ORDER
(Affirming)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to uphold the decision of the Grievance Review Board (hereinafter GRB). The Court finds that the petitioner failed to exhaust her administrative remedies and accordingly affirms the agency action. The analysis of the Court follows below.
PROCEDURAL HISTORY
The petitioner, Gale S. White, filed her Petition for Administrative Review (hereinafter Petition) on July 13, 2007. See Employment Relations Act of 2004 (hereinafter ERA), 6 HCC § 5.35c; see also Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 63(A)(1)(a). On July 17, 2007, the Court entered the Scheduling Order, setting forth the timelines and procedures to which the parties should adhere during the pendency of the appeal. In response, the respondent submitted the administrative record on August 1, 2007. See HCN R. Civ. P. 63(D).
On August 8, 2007, the petitioner sought an extension of time to file the Initial Brief, which the Court subsequently granted on August 10, 2007.[1] Id., Rule 63(J). The petitioner filed a timely Initial Brief on September 10, 2007. Id., Rule 63(E). The respondent, by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Attorney Brian T. Stevens, filed the timely Respondent’s [sic ] *247 Brief on October 10, 2007.[2] Id. The petitioner filed her timely Petitioner’s Response [sic ] on October 18, 2007. Id. Neither party requested the ability to present oral argument, prompting the Court to determine the matter on the documentary materials. Id., Rule 63(G); Scheduling Order at 3.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VI—Executive
Sec. 1. Composition of the Executive.
(b) The Executive Branch shall be composed of any administrative Departments created by the Legislature, including a Department of the Treasury, Justice, Administration, Housing, Business, Health and Social Services, Education, Labor, and Personnel, and other' Departments deemed necessary by the Legislature. Each Department shall include an Executive Director, a Board of Directors, and necessary employees. The Executive Director of the Department of Justice shall be called the Attorney General of the Ho-Chunk Nation. The Executive Director of the Department of Treasury shall be called the Treasurer of the Ho-Chunk Nation.
Art. VII—Judiciary
Sec. 6. Powers of the Tribal Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
STATUTE OF LIMITATIONS & COMMENCEMENT OF CLAIMS ACT, 2 HCC § 14
Subsec. 4. Civil Action and Time Limitation. Civil actions may be commenced only within the periods as prescribed here:
e. All employment actions must be filed in the Trial Court within 30 calendar days of the final administrative grievance review decision by the Grievance Review Board.
EMPLOYMENT RELATIONS ACT OF 2004, 6 HCC § 5
Ch. I—General Provisions
Subsec. 5. Employment Clause.
a. Equal Employment Opportunity. With the exception of Ho-Chunk Preference in Employment as set forth in paragraph (b), below, it will be a violation of this Act to discriminate based on an individual’s sex, race, religion, national origin, pregnancy, age, marital status, sexual orientation, or disability.
Subsec. 6. Employee Rights.
d. Harassment.
(1) Harassment (both overt and subtle) is a form of employee misconduct that both demeans another person and undermines the integrity of the employment relationship by creating an unreasonably intimidating, hostile, and objectively offensive working environment.
*248 Ch. IY—Employee Benefits
Subsec. 27. Unpaid Leave of Absence. An employee with more than twelve (12) months of continuous services [sic ] full time service may be eligible for an Unpaid Leave of Absence for a period not to exceed three (3) months. All requests must be approved by the Department of Personnel.
a. An Unpaid Leave of Absence may be granted for the following reasons:
(1) Continued illness or personal reasons, which extend in' time beyond available annual, sick, or FML. During an Unpaid Leave of Absence for medical reasons, health benefits will continue for up to ninety (90) days;
(2) Advanced training, higher education, or research, which will increase employability and job skills that are in the best interests of the Ho-Chunk Nation. Employees will be responsible for maintaining or discontinuing any employment related discretionary insurance benefits with the Nation.
Ch. V—Work Rules & Employee Conduct, Discipline, & Administrative Review
Subsec. 29. General Hours of Work and Attendance.
e. Abandonment of Employment. An employee who is absent from his or her assigned work location without authorized leave for three (3) consecutive days or five (5) days in a twelve (12) month period shall be considered absent without authorized leave, and as having abandoned his or her employment. The employee shall be automatically terminated, unless the employee can provide the Nation with acceptable and verifiable evidence of extenuating circumstances justifying the absence(s).
Subsec. 33. Grievances.
a. Employees may seek administrative and judicial review only for alleged discrimination and harassment.
Subsec. 34. Administrative Review Process.
a. Policy.
(3)Following a Board decision, the employee shall have the right to file an appeal with the Ho-Chunk Nation Trial Court (Court).
d. Request for a Hearing. An employee must request a hearing within five (5) business days of the date the disciplinary action was taken. At the time the employee requests a hearing, he or she must inform the Department of Personnel if he or she is to be represented by an attorney. If so, the attorney must also file for an appearance with Department of Personnel within five (5) days of the date the employee requested a hearing. Failure to request the hearing within this time frame will result in the forfeiture of a hearing by the Board.
e. Witnesses and Evidence.
(1) Ten (10) days prior to the hearing, the employee and supervisor shall each provide the Department of Personnel with a list of all witnesses they intend to call at the hearing. They shall also present copies of any documentary evidence that they would like to submit to the Board.
(2) Both parties may amend or supplement their original witness list and/or submit additional documentary evidence within five (5) days after receiving the other party’s list of witnesses and evidence.
g. Proceedings of the Board. At the commencement of a hearing before the Grievance Board of Review [sic ], the Department of Personnel will discuss with the Board their responsibilities and obli *249 gations including, but not limited to, the following:
(7) At the conclusion of the presentation of testimony and evidence, the Board will privately deliberate and make a decision within five (5) calendar days. No record of the Board’s deliberation wall be made. The decision of the Board shall describe the facts of the case and determine whether the facts support a violation of the Employment Relations Act or applicable Unit Operating Rules.
Subsec. 35. Judicial Review.
c. Judicial review of a grievance involving suspension, termination, discrimination, or harassment may proceed to the Ho-Chunk Nation Trial Court only after the Administrative Review^ Process has been exhausted through the Grievance Review Board. An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.
e. Under this limited waiver of sovereign immunity, the Court shall review the Board’s decision based upon the record before the Board. Parties may request an opportunity to supplement the record in the Trial Court, either with evidence or statements of their position. The Trial Court shall not exercise de novo review of Board decisions. The Trial Court may only set aside or modify a Board decision if it was arbitrary or capricious.
DEPARTMENT OF JUSTICE ESTABLISHMENT & ORGANIZATION ACT OF 2001, 1 HCC § 8
Subsec. 4. Functions. The Department of Justice shall:
b. Provide expert legal advice and competent representation for all Branches of the Nation on those matters that concern the Nation’s interests and welfare.
c. Represent the Nation in Tribal, State, and Federal forums.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has *250 come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the J-udgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment, or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
Rule 63. Judicial Review of Administrative Adjudication.
(A) Any person aggrieved by a final agency decision may request that the Ho-Chunk Nation Trial Court review such decision by filing a Petition for Administrative Reviene with the Court -within thirty (30) calendar days of such decision, unless otherwise provided.
1. The following laws provide for filing within thirty (30) days:
a. Employment Relations Act of 2004
(B) The Petition for Administrative Review shall identify the petitioner making the request by name and address. The Petition for Administrative Review must also contain a concise statement of the basis for the review, i.e., reason or grounds for the appeal, including a request to supplement the evidentiary record pursuant to HCN R. Civ. P. 63(D)(1)(a-b), if applicable. The statement should include the complete procedural history of the proceedings below. The petitioner must attach a copy of the final administrative decision to the Petition for Administrative Revieiv.
(D) The commission or board, designated as the respondent, must transmit the administrative record to the Court within fifteen (15) days after receipt of the Petition for Administrative Review. The administrative record shall constitute the sole evidentiary record for judicial review of the agency decision....
(E) Within thirty (30) calendar days of filing the Petition for Administrative Review, the petitioner shall file a written brief, an Initial Brief.... The respondent shall have thirty (30) calendar days after *251 filing ol the brief m which to file a Response Brief. After filing of respondent’s Response Brief the petitioner may file the Reply Brief within ten (10) calendar days.
(G) At the discretion of the Court, the Court may require an oral argument. The Court shall decide the order of the presentation, the length of time each party is permitted for their presentation, the issues to be addressed in oral argument, and such other matters as may be necessary. An order entitled, Notice of Oral Argument, shall include all such matters and shall be served on all parties at least ten (10) calendar days prior to the date set for argument.
(H) The Court shall decide all cases upon the administrative record, briefs, memoranda and statements filed plus the oral argument, if heard.
(J) The Court maintains discretion to grant continuances upon a showing of good cause.
(L) Either party may appeal the Trial Court’s decision to the Supreme Court.
FINDINGS OF FACT[3]
1.The petitioner, Gale S. White, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A002464, and was formerly employed as the Domestic Abuse Advocate within the Ho-Chunk Nation Department of Health & Social Services, located on trust lands at W9850 Airport Road, Black River Falls, WI 54615. See Constitution of the Ho-Chunk Nation, Art. VI, § 1(b). The Ho-Chunk Nation (hereinafter HCN or Nation) is a federally recognized Indian tribe. See 72 Fed.Reg. 13648 (Mar. 22, 2007).
2. The respondent, Jean Ann Day, is employed as the Division Administrator of Social Services. Decision, GRB-003-07D/H (GRB, May 21, 2007) (hereinafter Decision ) at 1.[4]
3. The petitioner “timely filed a Ho-Chunk Nation Grievance form on January 8, 2007, with the Ho-Chunk Nation’s Department of Personnel after an incident between her supervisor, Jean Day[,] and herself.” Id.; see also ERA, § 5.34d. In particular, the petitioner grieved the following January 5, 2007 incident: “faleify-ing [sic ] my time sheet.” HCN Grievance Form (Jan. 8, 2007).
4. Pertaining to the above cause of action, the petitioner could not substantiate any acts of elder discrimination by the respondent. Decision at 2.
5. Pertaining to the above cause of action, the petitioner could not demonstrate that the respondent’s actions “creatfed] an unreasonably intimidating!,] hostile and objectively working environment.” Id. (quoting ERA, § 5.6d(1)).
6. Pertaining to the above cause of action, the petitioner presented “no exhibits or witnesses.” Id. at 1; see also ERA, § 5.34e(1-2) (explaining the procedure for the introduction of documentary evidence and witnesses).
7. On May 15, 2007, the GRB conducted a hearing.[5] Decision at 1.
*252 8. On July 13, 2007, the petitioner filed an initial pleading with the Court, seeking judicial review of an alleged “January 18, 2007, termination from HCN Social Services, as Domestic Abuse Advocate.”[6] Pet. at 1.
9. The petitioner never independently grieved her alleged termination before the GRB.
DECISION
The Court thoroughly examined the origin of administrative agency review and associated standards of review within a prior case. Regina K. Baldwin et al v. Ho-Chunk Nation et al. CV 01-16, -19, - 21 (HCN Tr. Ct., Jan. 9, 2002) at 12-26. The Court directs the parties to that decision for a comprehensive discussion.[7] For puiposes of this ease, the Court reproduces the portion of the discussion dealing with formal on the record adjudication.
Executive agencies may engage in formal on the record adjudication, resulting in the promulgation of rules through the formation of a body of case precedent. See, e.g., Dickinson v. Zurko, 527 U.S. 150, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999); Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998); Bowman Transp. v. Ark.-Best Freight Sys., 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). In reviewing adjudicative rulemaking, as well as other forms of agency action, courts begin by recognizing that Congress intended the Administrative Procedure Act to “establish! ] a scheme of ‘reasoned decisionmaking.’ ”[8] Allentown, 522 U.S. at 374, 118 S.Ct. 818 (quoting Motor Vehicle Mfrs. Ass’n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 52, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Courts then perform a two-tiered analysis, determining whether the adjudicative rule satisfies a substantial evidence standard, and, if so, whether the rule escapes a designation of arbitrary and capricious.[9]
The two (2) inquiries represent “ ‘separate standards.’ ” Bowman, 419 U.S. at 284, 95 S.Ct. 438 (quoting Citizens to Preserve Overion Park v. Volpe, 401 U.S. 402, *253 413, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)). Consequently, a court “may properly conclude) ] that, though an agency’s finding may be supported by substantial evidence, ... it may nonetheless reflect an arbitrary and capricious action.” Bowman, 419 U.S. at 284, 95 S.Ct. 438. In such an event, the Court would afford no deference to the adjudicative rule of the agency precisely because the rule could not withstand the more deferential arbitrary and capricious standard.
The substantial evidence standard has no application beyond the review of “record-based factual conclusionfs],” and only in unusual circumstances will agency action surviving a substantial evidence review falter when scrutinized further. Dickinson, 527 U.S. at 164, 119 S.Ct. 1816. In performing the second-tier of analysis, arbitrary and capricious review,
[a] reviewing court must “consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.” The agency must articulate a “rational connection between the facts found and the choice made.” While [a court] may not supply a reasoned basis for the agency’s action that the agency itself has not given, [a court] will uphold a decision of less than ideal clarity if the agency’s path may reasonably be discerned.
Bowman, 419 U.S. at 285-86, 95 S.Ct. 438 (citations omitted).
Typically, however, a court will suspend its review after ascertaining the presence of substantial evidence. “Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Edison Co. v. Labor Bd., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The relevant evidence must retain probative force, and, therefore, “[m]ere uncorroborated hearsay or rumor does not constitute substantial evidence.” Id. at 230, 59 S.Ct. 206. And, a court must examine the evidence supporting the decision against “the record in its entirety, including the body of evidence opposed to the [agency’s] view.” Universal Camera Corp. v. Labor Bd., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); see also 5 U.S.C. § 706.
Nonetheless, as noted above, an adjudicative rule rightfully subjected to the two-tiered analysis must also at its core represent the outcome of a reasoned deliberation. “[T]he process by which [an agency] reaches [its] result must be logical and rational.” Allentown, 522 U.S. at 374, 118 S.Ct. 818. Courts accordingly must insure compliance with the requirement of reasoned decision-making. In this regard,
[i]t is hard to imagine a more violent breach of that requirement than applying a rule of primary conduct or a standard of proof which is in fact different from the rule or standard formally announced. And the consistent repetition of that breach can hardly mend it.... The evil of a decision that applies a standard other than the one it enunciates spreads in both directions, preventing both consistent application of the law by subordinate agency personnel ..., and effective review of the law by the courts.
Id, at 374-75, 118 S.Ct. 818. The inconsistent or contrary application of an adjudicative rule must result in a finding that the agency has failed to support its action by substantial evidence. A court cannot deem subsequent aberrations as simply *254 agency interpretations of the underlying rule. Id. at 377-78, 118 S.Ct. 818.
To reiterate, a court must determine whether the challenged administrative action rests upon substantial evidence and escapes a characterization of arbitrary and capricious. Furthermore, the need for reasoned decision-making and the consistent application of resulting decisions underlie and overarch the statutorily based analysis. Apart from this predominate approach to agency review, instances exist when a court must designate an administrative decision as either contrary to law or otherwise not deserving of deferential treatment.
As noted above, the ERA attempts to limit the appellate role “to setfting] aside or modifying] a Board decision if it was arbitrary and capricious.” ERA, § 5.85e. The ERA does not articulate the Court’s ability to set aside an agency decision that proves “contrary to law.” Compare Gaming Ordinance, § 1101(c)(v). Such a seemingly broad recognition of judicial authority, however, does not invite or permit a de novo review in the context of a typical administrative review. That is to say, a court cannot bypass the obviously deferential standards of review when it perceives an isolated question of law. Rather, a court may only set aside an agency action as contrary to law when the agency clearly acts outside the parameters of its legislatively delegated authority. For example, this Court would not need to defer to a GRB decision that claimed to determine an enrollment issue under the guise of a Ho-Chunk preference grievance. Such a decision would certainly be struck down as contrary to law regardless of whether the HCN Legislature incorporated this provision in the standard of review paragraph. See Lonetree, SU 07-04 at 4 (noting appellate agreement with this premise).
Nowhere is this judicial authority more obvious than when a court encounters an administrative agency’s efforts to interpret and apply constitutional principles. “[Cjonstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.” Califano v. Sanders, 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).[10] The HCN Legislature lacks the ability to confer constitutional adjudication authority upon an executive administrative agency, and the ERA does not purport to do so. Lonetree, SU 07-04 at 4-6. Any such attempt would prove inconsistent with the theoretical and legal underpinnings of administrative power. See Baldwin, CV 01-16, -19, -21 (HCN Tr. CL, Oct. 3, 2003) at 15 n. 5.
In the instant matter, the petitioner filed a Petition for Administrative Review, but neglected to grieve the cause of action asserted in the initial pleading with the GRB in the first instance. The ERA dearly dictates that “[jjudicia] review of a grievance involving suspension, termination, discrimination, or harassment may proceed to the Ho-Chunk Nation Trial *255 Court only after the Administrative Review Process has been exhausted through the Grievance Review Board.” ERA, 5.35c (emphasis added). The Court, therefore, must deny the petitioner’s request for relief due to a failure to exhaust her administrative remedies.[11] The Court cannot even begin to perform the above statutorily required review due to the existence of different causes of action.[12]
Even if properly presented, the Court would still have ruled against the petitioner. The ERA undeniably confers discretion upon the HCN Department of Personnel to approve a request for an unpaid leave of absence. ERA, § 5.27. The petitioner, quite simply, never secured this approval. On Monday, January 8, 2007, the petitioner submitted a correspondence to the respondent, requesting a “leave of absence for three months, without pay, due to [the respondent’s] personal problems with [her] and conflicts at the workplace.” Req. for Unpaid Leave of Absence (Jan. 8, 2007). The petitioner subsequently filed a HCN Leave Application in which she noted the following: “working on home child care-req. your support.”[13] HCN Leave Application (Jan. 10, 2007). Without receiving any approval, the petitioner was absent from work from Monday, January 8, 2007 to Tuesday, January 16, 2007. HCN Disciplinary Action Form (Jan. 17, 2007). The Department of Personnel never approved the petitioner’s absence, and she should not have presumed such approval. The petitioner’s preemptive departure from work justified her termination for job abandonment. See ERA, § 5.29e.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P. ], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.
IT IS SO ORDERED this 14th day of January 2008, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Court sua sponte joined the GRB at this juncture. Order (Granting Continuance), CV 07-54 (HCN Tr. Ct„ Aug. 10, 2007) at 2.

. The DOJ has an obligation to provide legal services to both tribal entities and officials. DOJ Establishment & Oro. Act of 2001, 1 HCC § 8.4b-c. The DOJ seemingly abandons its obligation to the GRB, "an agency within the [Ho-Chunk Nation] Department of Personnel,’’ preferring to advocate on behalf of the named official, although the interests of each converge in this action. Janet Funmaker v. Libby Fairchild, in her capacity as Executive Dir. of HCN Dep't offers., et al., SU 07-05, 7 Am. Tribal Law 61, 65, 2007 WL 5627246 (HCN S.Ct., Aug. 31, 2007).

. The Court does not perform a de novo review of administrative agency decisions, and, consequently, generally refrains from making independent factual findings. ERA, § 5.35e. Unless otherwise clearly indicated, the below findings of fact constitute relevant findings of the administrative agency for purposes of this judgment as articulated within the administrative decision. The Court shall only propose alternative findings of fact in the event that the agency's factual rendition is not supported by substantial evidence. See infra p. 253.

. The ERA requires the GRB to issue a decision within five (5) calendar days of the hearing. ERA, § 5.34g(7).

. The ERA does not establish a timeframe in which the GRB must convene a hearing after receiving a grievance. In this instance, 127 days elapsed before the hearing.

. Even if the petitioner intended to grieve the prior cause of action, she filed her initial pleading twenty-three (23) days late. ERA, § 5.35c; Statue of Limitations & Commencement of Claims Act. 2 HCC § 14.4e; see also HCN R. Civ. P. 63(A)(1)(a). The Judiciary has long held that an untimely filing constitutes a failure to adhere to the express terms of the limited waiver of sovereign immunity. See, e.g., Marie WhiteEagle v. Ho-Chunk Nation et al., CV 01-52 (HCN Tr. Ct., Sept. 21, 2001), aff'd, SU 01-14 (HCN S.Ct., Nov. 27, 2001).

. The full text of Baldwin appears at www.ho-chunknation.com/?PageID= 156.

. The HCN Legislature has incorporated the acknowledged federal standards within certain legislation. See, e.g., Gaming Ordinance, § 1101(c)(v); compare 5 U.S.C. § 706.

. The ERA directs that “[t]he Trial Court may only set aside or modify a Board decision if it was arbitrary' and capricious." ERA, § 5.35e; but cf. Amended & Restated Gaming Ordinance of the Ho-Chunk Nation (hereinafter Gaming Ordinance), § 1101(c)(v). Nonetheless, the Court shall continue to engage in the two-tiered analysis due to the inseparable components of the inquiry. Furthermore, some federal courts have denoted a convergence of the siandards, making any analytical distinction unattainable. See, e.g., Aircraft Owners & Pilots Ass’n v. FAA, 600 F.2d 965, 971 n. 28 (D.C.Cir.1979) (describing the distinction as "largely semantic”). This Court disagrees with this assessment, at least in the context of formal on the record adjudication, but it reveals the interrelatedness of the two standards.

. The following federal circuit court assessments reinforce this unassailable premise. ”[A]s a general rule, an administrative agency is not competent. to determine constitutional issues.” Petruska v. Gannon Univ., 462 F.3d 294, 308 (3rd Cir.2006). “To be sure, administrative agencies ... cannot resolve constitutional issues. Instead, the premise of administrative exhaustion requirements for petitioners with constitutional claims is that agencies may be able to otherwise address petitioners’ objections, allowing the courts to avoid unnecessary constitutional decisions.” Am. Coalition for Competitive Trade v. Clinton, 128 F.3d 761, 766 n. 6 (D.C.Cir.1997). "[A] reviewing court owes no deference to the agency's pronouncement on a constitutional question.” Lead Indus. Assoc., Inc. v. EPA, 647 F.2d 1130, 1173-74 (D.C.Cir.1980).

. The Ho-Chunk Nation Supreme Court has essentially adopted "the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.” Kenneth L. Twin v. Douglas Greengrass, Exec. Dir. of Admin., CV 03-88 (HCN Tr. Ct., May 24, 2004) at 14 n. 6 (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638 (1938)).

. Previous pro se litigants have recognized the necessity of separately grieving independent causes of action. See, e.g., Daniel Brown v. James Webster, HCN Executive Dir. of Bus., CV 04-38-40. (HCN Tr. Ct., May 10, 2006).

. The ERA makes no reference to an approved form for requesting such leave, and consequently the petitioner' initial request should suffice in this instance. Nonetheless, the material issue remains the lack of required approval.